**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

LUCAS GALEANA JOSE ALFONSO (A No. 246-898-298),

Petitioner,

v.

ANDREWS, et al.,

Respondents.

Case No. 1:26-cv-05562-JLT-EGC

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; DENYING THE MOTION FOR APPOINTMENT OF COUNSEL; ORDERING PETITIONER'S IMMEDIATE RELEASE; AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Docs. 1, 2, 3)

## I. INTRODUCTION

Before the Court is Lucas Galeana Jose Alfonso's request for a temporary restraining order (Doc. 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), a legal position that this Court has rejected repeatedly. (Doc. 8.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.[1]

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of the habeas petition. (Doc. 7.) Respondents do not request a hearing or

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. BACKGROUND

Petitioner is a citizen of Mexico who entered the United States in April 2023, seeking asylum. (Doc. 10 at 1, 2.) He was encountered by federal immigration authorities. (*Id*.) Though DHS issued a Notice to Appear at that time, the document was never filed with EOIR. (*Id*. at 2.) Petitioner was released from DHS custody. (*See id*.) Approximately three years later, on June 29, 2026, DHS re-detained the Petitioner during an immigration enforcement action in Utah. (*See* Doc. 1 at 5; Doc. 10 at 2.) Upon his arrest, DHS reissued the Notice to Appear charging Petitioner as removable under INA §§ 212(a)(6)(A)(i), (a)(7)(A)(i)(I). (*See* Doc. 10 at 2.) Petitioner was subsequently transferred to the Golden State Annex Facility in McFarland, California. (Doc. 1 at 5.)

Petitioner has no pending petitions or applications with USCIS, (*id*. at 3) but indicates that he is working on renewing his work authorization. (Doc. 1 at 5–6.) Petitioner is not currently subject to a final order of removal.[2] Further, Petitioner has no criminal history and there is no indication in the record that he presents a flight risk or danger to the community. (*See* Doc. 10 at 2, 3.) Indeed, the Government concedes that this case "is in the category of immigration habeas cases for which the Court has typically ordered immediate release." (Doc. 8 at 1.)

---

additional briefing and request a decision on the underlying petition. (Doc. 8 at 1.) As such, the Court decides this case on the underlying habeas petition.

[2] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that Petitioner's removal proceedings are ongoing with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 30, 2026).

## IV. DISCUSSION

The government filed an opposition to the petition and motion for temporary restraining order, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (*See* Doc. 8.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2. The motion for temporary restraining order (Doc. 3) is **DENIED** as **MOOT**.

3. The motion for appointment of counsel (Doc. 2) is **DENIED**.[3]

3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the

---

[3] Petitioner asks this Court to appoint counsel in his habeas action. (Doc. 2.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." Because the Court **GRANTS** the habeas petition and orders immediate release, the interests of justice do not require appointment of counsel.

government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[4];

4. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _July 30, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[4] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.